UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE BELL, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>SOLANO COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,<br><br>   Defendants. | No. 2:22-cv-01687-TLN-CKD (PS)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS FOR FAILURE TO SERVE |

On September 26, 2022, plaintiffs, proceeding pro se, filed a fee-paid complaint against defendants.[1] (ECF No. 1.) The next day, the Clerk of Court issued a summons and initial scheduling order. (See ECF Nos. 2, 3.) The scheduling order required plaintiffs to serve defendants within 90 days, and by 10 days after that, "file with the Clerk a certificate reflecting such service." (See ECF No. 3 at ¶ 2.) This is also required by Rule 4 of the Federal Rules of Civil Procedure.

On January 31, 2023, the court ordered plaintiffs to file a statement with the court indicating the status of service, or any good cause reasons why defendants had not been served

---

[1] Because plaintiffs are representing themselves in this action, all pre-trial proceedings are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and E.D. Cal. Local Rule 302(c)(21).

1

pursuant to Federal Rule of Civil Procedure 4.  (ECF No. 7.)  Plaintiffs were informed that failure to show good cause for the lack of service of process would result in dismissal of plaintiffs' case without prejudice.  (Id.)  Plaintiffs filed a written response on February 6, 2023 (ECF No. 8) and February 7, 2023 (ECF No. 9) indicating that legal documents were sent to defendants by mail.

The court issued another order, granting plaintiffs an additional opportunity to serve defendants, and informing plaintiffs that mailing documents does not constitute proper service.  (ECF No. 11.)  The extended deadline has now passed, and plaintiffs again have failed to demonstrate that they have served any defendant.  Plaintiffs have not filed proof of actual service, or proof of defendants' agreement to waive service.

As explained in the court's prior orders, service of the summons and complaint must occur within 90 days of filing the complaint, unless otherwise ordered.  Fed. R. Civ. P. 4(c)(1) & (m).  If a defendant is not served by the deadline, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  Fed. R. Civ. P. 4(m).

Here, plaintiffs were provided service documents in September 2022 and have been granted additional time to effectuate service.  Over six months have now passed without service of process.  Self-represented plaintiffs are given great latitude in prosecuting their cases, given their unfamiliarity with the legal system and federal rules.  See, e.g., Eriksen v. Washington State Patrol, 2006 WL 994750, at *1 (E.D. Wash. Apr. 7, 2006) ("Generally pro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings.") (quoting Moore v. Agency for Intern. Development, 994 F.2d 874 (D.C. Cir. 1993)).  However, pro se status itself is not sufficient to show good cause for failure to serve.  Townsel v. Contra Costa County, 820 F.2d 319, 320 (9th Cir. 1987) (noting that ignorance of or confusion about service requirements does not constitute "good cause" for failure to serve).  Given the lack of good cause and failure to serve, despite multiple extensions, this case should be dismissed without prejudice.  See Fed. R. Civ. P. 4(m); see also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

/////

# FINDINGS AND RECOMMENDATIONS

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiffs' claims be DISMISSED WITHOUT PREJUDICE; and

2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiffs may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiffs are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  April 18, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21,bell.1687

3