UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE BELL, et al., | No. 2:22-cv-01687-TLN-CKD (PS) |
| Plaintiffs, | ORDER |
| v. | |
| SOLANO COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al., | |
| Defendants. | |

Presently pending before this court is defendant Solano County's[1] motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 24.) The parties appeared for a hearing on defendant's motion on September 20, 2023, via Zoom. Plaintiff Clarence Bell appeared without the assistance of counsel; attorney Ashley Riser appeared on behalf of defendant Solano County.

---

[1] Solano County and Solano County Department of Health and Human Services are both named as defendants in the complaint. (ECF No. 1, caption.) However, because the Department of Health and Human Services is not a "person" acting under the color of state law within the meaning of § 1983, the court construes the claims against it as redundant claims against the county. See Walker v. Child Protective Servs., No. 1:22-cv-00466-AWI-SKO, at *9 (E.D. Cal. May 24, 2022) (citing United States v. Kama, 394 F.3d 1236, 1239 (9th Cir. 2005) (Ferguson, J., concurring) (municipal police departments and bureaus are generally not considered 'persons' within the meaning of § 1983).

As discussed below, the court GRANTS defendant's motion, but grants plaintiff leave to amend.

I.    Factual and Procedural Background

This case concerns the removal of foster children from plaintiff's home by defendant Solano County. Clarence and Evelyn Bell[2] began fostering a four-year-old child named A.L. in May 2020. (ECF No. 1 at ¶ 17.) The Bells developed a close bond with A.L., as did their adoptive children and other foster children. (Id. at ¶¶ 18-20.) In March 2022, another foster child, E.N., joined the Bells' home. (Id. at ¶ 23.) Unfortunately, E.N. was often violent toward the other children in the home, including A.L. (Id. at ¶¶ 29, 31-32.) In early April 2022 the Bells contacted defendant Solano County seeking to remove E.N. from their home because of the behavioral issues. (Id. at ¶ 33.) After speaking with a social worker, Mr. and Mrs. Bell decided they would try to work things out with E.N. and thus decided against having E.N. removed from their home. (Id.)

Around the time that the Bells contacted the county regarding the potential removal of E.N., the county received allegations that plaintiffs' foster children were being abused. (Id. at ¶ 35.) On April 11, 2022, the county removed E.H., A.L, and another foster child, named "S.," from plaintiffs' home. (Id.)

The Bells filed this complaint against Solano County in September 2022, alleging constitutional violations against unnamed social worker defendants 1-50 and Does 1-500; violations of First, Fourth, and Fourteenth Amendment rights to familial association under Monell by Solano County, and various state law violations. (See generally, ECF No. 1.) The complaint alleges that Mr. and Mrs. Bell were A.L.'s prospective adoptive parents because from the time the Bells began fostering A.L., their intention was to adopt him. (Id. at ¶ 19.) The complaint does not allege that the Bells were subject to an unlawful search or seizure of property. Further, the complaint does not allege any facts related to a custom or policy of constitutional violations by Solano County. Plaintiffs seek $10,000,000 in damages and injunctive relief. (Id. at 20.)

---

[2] Evelyn Bell passed away in April 2023. (ECF 17.)

2

Solano County Department of Health and Human Services was served on May 16, 2023 (ECF No. 20.)  Defendant filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) on July 5, 2023.  (ECF No. 24.)  Besides the county, no other defendants have been served.  During the hearing on defendant's motion on September 20, 2023, plaintiff stated that he has not attempted to serve any of the unnamed defendants, and that he only intends to pursue litigation against defendant Solano County.

II.     Legal Standard

A complaint may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015).  To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986).  The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

////

////

III.   Analysis

   A.   Municipal liability

Generally, a municipal entity, such as defendant Solano County, can be sued as a "person" under § 1983. Monell v. Department of Social Servs., 436 U.S. 658, 690–91 (1978). Although a municipal defendant is not subject to liability based on a theory of respondeat superior, Collins v. City of Harker Heights, Tex., 503 U.S. 115, 121 (1992), a claim against a municipal defendant may be stated if the plaintiff alleges there is an unconstitutional policy or custom of that municipality that caused the injury. Monell, 436 U.S. at 691, 694. A suit against public employees in their official capacities is equivalent to a claim against their municipal employer. Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir.1991). To prevail in a § 1983 claim against a municipal government, plaintiffs must show "(1) that [they] possessed a constitutional right of which [they were] deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the [plaintiffs'] constitutional right; and (4) that the policy is the moving force behind the constitutional violation." Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (quoting Plumeau v. Sch. Dist. No. 40 Cty. of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997)).

Here, the Monell claims against the county are insufficiently pleaded, as the complaint does not allege any facts from which the court can infer that the county has a policy or custom of First, Fourth, or Fourteenth Amendment violations. Accordingly, the court grants defendant's motion to dismiss.

   B.   Supplemental Jurisdiction over State Law Claims

A federal court may decline to exercise supplemental jurisdiction over pendent state-law claims if it has dismissed all claims over which it has original jurisdiction. See 28 U.S.C. § 1367(c)(3); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966); Voigt v. Savell, 70 F.3d 1552, 1565 (9th Cir. 1995). The remaining claims do not arise under federal law. The third claim alleges violations of state civil rights; the fourth claim alleges "abuse of process;" the fifth claim alleges invasion of privacy; the sixth claim is for declaratory relief; and the seventh claim is for negligence and intentional infliction of emotional distress. (ECF No. 1.) Because the court

has dismissed the federal claims for failure to state a claim, the court declines to exercise supplemental jurisdiction over the state-law claims, and the claims are dismissed without prejudice to plaintiff's raising them in state court.

### C. Leave to Amend

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires." Accordingly, plaintiff is granted leave to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is advised that an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss, ECF No. 24, is GRANTED;
2. Plaintiff is granted leave to file an amended complaint within thirty days of this order.

Dated: September 22, 2023

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21,bell.1687

5