UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE BELL, et al., | No. 2:22-cv-01687-TLN-CKD (PS) |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS |
| v. | |
| SOLANO COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al., | |
| Defendants. | |

Plaintiff, who proceeds without the assistance of counsel, filed suit against Solano County following the removal of his foster child. (ECF No. 1.) As discussed herein, the undersigned now recommends that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

I.  Background

Plaintiff filed this civil rights action against Solano County on September 26, 2022. (See generally, ECF No. 1.) Defendant moved to dismiss on July 5, 2023. (ECF No. 24.) The court held a hearing on defendant's motion on September 20, 2023. (ECF No. 32.) After the hearing, during which defendant confirmed that he intended to sue only defendant Solano County, the

1

undersigned granted defendant's motion dismissed plaintiff's complaint for failure to state a claim. (ECF No. 33.) Plaintiff was granted leave to file an amended complaint. (Id.)

Plaintiff has since submitted four filings to the court. (ECF Nos. 34-37.) The first three filings are docketed as "letters." (ECF Nos. 34-36.) The fourth filing is plaintiff's "First Amended Complaint," but is actually a compilation of letters from plaintiff to various individuals, including a "Ms. Morrison," "Ms. Hannigan," "Ms. Johnson," and "Ms. Montoya." (ECF No. 37 at 10-14.) It is unclear who these individuals are in relation to plaintiff's claims. More importantly, these communications do not articulate any theories upon which plaintiff seeks relief. Instead, they are written in narrative form, and contain plaintiff's thoughts and opinions regarding the foster care system and recapitulate underlying facts of this case.

On October 31, 2023, defendant filed another motion to dismiss and set it for a December 27, 2023, hearing. (ECF No. 38.) After plaintiff failed to file a statement of opposition, as required under the Local Rule 230(c), the undersigned vacated the hearing and provided plaintiff an additional opportunity to file an opposition. (ECF No. 40.) Plaintiff was cautioned that failure to file a written opposition would be deemed a statement of non-opposition to the pending motion and consent to the granting of the motion and would constitute an additional ground for the imposition of appropriate sanctions, including a recommendation that plaintiff's entire case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b). (Id.) The applicable deadline has now passed, and plaintiff has not filed a statement of opposition.

II.   Legal Standards

A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (approving sua sponte dismissals under Rule 41(b)); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963

F.2d 1258, 1260 (9th Cir. 1992), as amended (May 22, 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).  This court's Local Rules are in accord.  See E.D. Cal. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Cal. Local Rule 183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil Procedure, the court's Local Rules, and other applicable law may support, among other things, dismissal of that party's action).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules.  See Ferdik, 963 F.2d at 1260.  These are:

> (1) the public's interest in expeditious resolution of litigation;
> (2) the court's need to manage its docket;
> (3) the risk of prejudice to the defendants;
> (4) the public policy favoring disposition of cases on their merits; and
> (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002).

### III.   Analysis

Here, the first two factors weigh in favor of dismissal, because this case was delayed by plaintiff's failure to take the steps necessary to move this case forward.  The third factor also favors dismissal.  Defendants have expended time and resources moving to dismiss this action and have appeared for a hearing.  Remaining at a standstill deprives defendants an opportunity to be promptly notified of the lawsuit and prepare their defense.  The fifth factor also favors dismissal because the court has provided plaintiff an opportunity to amend his complaint and provided plaintiff an additional opportunity to oppose defendant's motion to dismiss.  Further, the sanction imposed, dismissal without prejudice, is less drastic than the alternative, i.e., dismissal with prejudice.

As to the fourth factor, the public policy favoring disposition of cases on their merits, that factor is outweighed by the other Ferdik factors. Indeed, it is plaintiff's own failure to prosecute the case and comply with the rules that precludes a resolution on the merits. Therefore, after carefully evaluating the Ferdik factors, the court concludes that dismissal is appropriate.

## RECOMMENDATIONS

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's claims be DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(b);
2. Defendant's Motion to Dismiss, ECF No. 38, be denied as moot; and
3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: February 2, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21,bell.1687